**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

UNITED STATES OF AMERICA

VERSUS

BRANDON BLAINE HANDY

CRIMINAL NO. 13-0053 (01)

JUDGE ELIZABETH E. FOOTE

MAGISTRATE JUDGE WHITEHURST

## MEMORANDUM RULING

Before the Court is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Record Document 246] filed by the Defendant, Brandon Blaine Handy ("Handy"). The Government opposes Handy's motion. *See* Record Document 249. For the reasons assigned herein, Handy's motion is **DENIED**.

### Background

On December 17, 2013, Handy was found guilty by a jury of his peers of aggravated robbery of mail matter in violation of 18 U.S.C. § 2114(a). *See* Record Documents 72 & 132. At sentencing, Handy was classified as a career offender based on prior felony convictions. *See* Record Document 151 at ¶ 33. With an offense level of 34 and criminal history category of VI, Handy's Sentencing Guidelines range was 262 to 327 months. *See* Record Document 151 at ¶ 75. The Court sentenced Handy to 288 months imprisonment and five years of supervised release. *See* Record Document 150 at 2-3. Handy appealed his sentence, specifically challenging his categorization as a career offender. *See* Record Document 153. The Fifth Circuit determined that the career offender enhancement was properly applied and affirmed Handy's sentence. *See* Record Document 191 at 3-4.

Handy moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that extraordinary and compelling circumstances exist based on the medical circumstances of two family members. *See* Record Document 246 at 1. First, Handy states that his father underwent major surgery, including the amputation of his leg, which requires ongoing medical care and assistance. *See id.* at 2. Handy maintains that he could serve as a caregiver and support system for his father. *See id.* Second, Handy states that his grandmother is scheduled for surgery on or about May 23, 2026, and will require post-operative care. *See id.* Handy indicates that he has a safe and supportive home environment available, including a qualified caregiver network, to ensure the well-being of his family members and to minimize any risk to the public upon his release. *See id.* Handy also maintains he has demonstrated his rehabilitation through his compliance with institutional rules and participation in programs designed to reduce recidivism. *See id.* Finally, Handy provides a proposed plan for release to home confinement for the remainder of his sentence. *See id.* at 4.[1]

**Law and Analysis**

### I.    Exhaustion of Remedies

Historically, only the Director of the Bureau of Prisons ("BOP") could file a motion to reduce an inmate's sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239. However, after the First Step Act of 2018, a court may consider

---

[1] To the extent Handy requests that the Court grant him relief by ordering he be moved to home confinement, the Court does not have the authority to do so. *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 741 (5th Cir. 2020). "[R]elease to home confinement is a discretionary decision left to the Attorney General and the BOP" and courts cannot review the failure to release an inmate to home confinement. *Id.*

compassionate release motions directly from prisoners. *See* 18 U.S.C. § 3582(c)(1)(A). Before a prisoner pursues compassionate release through a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden. *Id.*

The administrative exhaustion provision of 18 U.S.C. § 3582(c)(1)(A) is set out in mandatory terms. The district court can only modify a sentence after the defendant has exhausted his administrative remedies. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). This mandatory language includes no exceptions, equitable or otherwise. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 361 (5th Cir. 2022) ("Mandatory exhaustion regimes brook no exceptions.") (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016)); *see also United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Generally, "to exhaust [his] administrative remedies, a prisoner must first present to the BOP the same grounds warranting release that the prisoner urges in [his] motion." *United States v. Dodd*, No. 13-CR-0182, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020). This is because, in general, the BOP is in the best position to assess the inmates within its facilities to determine whether they are appropriate candidates for release under the current guidance. *United States v. Koons*, 455 F. Supp. 3d 285, 292 (W.D. La. 2020). Therefore, this Court should only consider Handy's motion if he has satisfied the exhaustion requirement.

Handy states that he submitted a request for compassionate release to Warden David Brewer, United States Penitentiary Big Sandy, on September 4, 2025. *See* Record Document 246 at 2. However, Warden Brewer never responded to his request, and Handy proceeded

with mailing his motion to the Court on November 13, 2025. *See id.* Handy provided the Court with a copy of a TRULINCS email to the Warden requesting compassionate release. *See* Record Document 246-1. The Government states it received confirmation from the BOP that Handy exhausted his administrative remedies, including a sufficient lapse of time since Handy's submission, making Handy's motion ripe for disposition. *See* Record Document 249 at 3. The Court agrees that Handy has exhausted his administrative remedies and will proceed in considering the merits of his motion.

## II.   Extraordinary and Compelling Circumstances

While a court generally "may not modify a term of imprisonment once it has been imposed," there are several exceptions. *See* 18 U.S.C. § 3582(c). One exception allows a court to reduce an inmate's sentence when the inmate provides "extraordinary and compelling reasons" to justify a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The inmate bears the burden of showing why a reduction is justified. *See United States v. Clark*, 451 F. Supp. 3d 651, 656 (M.D. La. 2020).

To assist district courts in determining what constitutes an extraordinary or compelling reason, the United States Sentencing Commission provides a blueprint that sets forth circumstances that may justify reducing a prison term. On November 1, 2023, the Commission amended the Sentencing Guidelines to provide additional instruction concerning compassionate release. For the first time since the First Step Act was passed, the Commission outlined specific reasons that would be considered "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A)(i). The six categories now outlined in the Sentencing Guidelines are: (1) defendant's medical condition; (2) defendant's age; (3) family

circumstances; (4) whether defendant has been a victim of abuse during custody; (5) other reasons; and (6) an unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

In his motion, Handy requests compassionate release based on family circumstances, including the medical needs of his father and upcoming medical needs of his grandmother. *See* Record Document 246 at 2. Family circumstances can be extraordinary and compelling such that a reduction of sentence is justified based on:

(A) The death or incapacitation of the caregiver of the defendant's minor child . . . .

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs . . . (A) through . . . (C) exist involving any other immediate family member . . . when the defendant would be the only available caregiver for such family member. . . .

U.S.S.G. § 1B1.13(b)(3)(A)-(D).

As with all other extraordinary and compelling circumstances, the inmate bears the burden of showing why a reduction is justified. *See Clark*, 451 F. Supp. 3d at 656. Courts in this circuit have consistently denied compassionate release to defendants seeking to care for ill relatives where the defendant does not produce "verifiable medical documentation" showing the relative needing care is actually incapacitated. *United States v. McHugh*, No. 21-CR-0063, 2024 WL 2319814, at *4 (M.D. La. May 22, 2024) (quoting *United States v. Barrios*, No. 20-CR-18381, 2022 WL 7265985, at *4 (W.D. Tex. Sept. 27, 2022)); *see also, e.g.*, *United States v. Duggins*, No. 18-CR-1061, 2021 WL 5449642, at *4-5 (S.D. Tex. Nov.

22, 2021); *United States v. Williams*, No. 18-CR-0291, 2021 WL 1865005, at *3 (N.D. Tex. May 10, 2021) ("Williams does not provide evidence to substantiate his allegations . . . ."). An inmate must also demonstrate that he is the only available caregiver. *See* U.S.S.G. § 1B1.13(b)(3)(B)-(D). "Conclusory assertions that the defendant must now serve as the primary caretaker for a family member are insufficient." *United States v. Lopez*, No. 19-CR-0277, 2026 WL 1008531, at *5 (E.D. Tex. Apr. 14, 2026).

Handy's motion provides limited information regarding his family circumstances. He states that his father underwent major leg surgery, including amputation, and is in need of ongoing medical assistance. *See* Record Document 246 at 2. Handy argues he is uniquely positioned to act as a caregiver and support system for his father. *See id.* Handy also states that his grandmother is scheduled for surgery on or about May 23, 2026, which will require post-operative care and family support. *See id.* at 2.

The Government opposes, noting that Handy failed to provide the names of his family members or any verifiable medical documentation regarding their purported medical conditions or need for care. *See* Record Document 249 at 5. Further, the Government notes that Handy's presentence report indicates he has six adult children who could potentially serve as caregivers for these individuals. *See id.* at 6. Finally, the Government points out that the presentence report states that Handy's father was never part of his life. *See id.* at 5 (citing Record Document 151 at ¶ 58).

Handy has not met his burden of demonstrating that family circumstances exist that justify compassionate release. Handy failed to provide any verifiable medical documentation of the medical conditions of his father or grandmother. *See McHugh*, 2024 WL 2319814 at *4.  Further, even if Handy had provided sufficient verifiable medical documentation, he has

failed to meet his burden of showing that he is the only available caregiver for his father and grandmother as required by U.S.S.G. § 1B1.13(b)(3)(C)-(D). As noted by the Government, Handy has six adult children who are potential caregivers for his father and grandmother, and Handy has not addressed why his children are incapable of serving as caregivers. *See* Record Document 151 at ¶ 58. Accordingly, Handy has not presented extraordinary and compelling family circumstances justifying compassionate release.

### Conclusion

Based on the foregoing reasons, Handy's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Record Document 246] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this __28th__ day of April, 2026.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

7